IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PILAR A. GILBERT, )
)
    Plaintiff, ) No. 3:11-cv-0133
) Chief Judge Haynes
v. )
)
HIGHLAND RIM ECONOMIC CORPORATION, )
*et al.*, )
)
    Defendants. )

## MEMORANDUM

    Plaintiff, Pilar A. Gilbert, filed this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, et seq., against the Defendants, Highland Rim Economic Corporation and Highland Rim Head Start, her former employers. Plaintiff alleges discrimination based upon her race, national origin, color and retaliation in employment. (Docket Entry No. 1).

    Before the Court is the Defendants' motion to dismiss this action under Federal Rule of Civil Procedure 37(b)(2)(A) (Docket Entry No. 24) for Plaintiff's failure to obey the Court's Order to provide discovery (Docket Entry No. 23). Plaintiff responds, in sum: (1) that Plaintiff has responded to Defendant's inquiries about her supplemental responses; (2) that the Defendants have slept on their rights in deposing third party witnesses; (3) that Plaintiff has been diligent in her attempts to obtain her entire file from her former counsel; and (4) that less drastic sanctions such as modification of the current scheduling order should be imposed. (Docket Entry No. 25).

1

## A. Review of the Record

On July 22, 2011, Defendants' counsel served Plaintiff's prior counsel, Debra A. Wall, with Defendants' first interrogatories and requests for production. (Docket Entry No. 24 at 1). Plaintiff did not respond to the discovery requests in a timely manner, and the responses remained outstanding when Ms. Wall withdrew as counsel for Plaintiff on September 29, 2011. Id. Plaintiff's current counsel, Andy L. Allman, filed a notice of appearance in this action on November 22, 2011. (Docket Entry No. 18). Defendant's counsel provided Mr. Allman with another copy of the discovery requests. (Docket Entry No. 24 at 1).

On February 17, 2012, Plaintiff provided partial responses to the discovery requests, from information that Plaintiff's counsel had at the time of responding. (Docket Entry No. 25 at 1). Plaintiff did not answer certain interrogatories or produce several document requests, but stated that she would supplement those initial responses at a later date. (Docket Entry No. 24 at 1). Specifically, Plaintiff promised to supplement her responses to interrogatories 8, 20, and 21 and requests for production 10, 11, and 13. Id. at 2.

On February 27, 2012, the Court entered a scheduling order requiring that all fact discovery be concluded by the close of business on June 13, 2012. (Docket Entry No. 21). Defendant requested a supplement to the discovery responses from Plaintiff on three occasions: March 29, April 17, and April 24, 2012. (Docket Entry Nos. 22-3, 22-4 & 22-5). Allman's paralegal responded by telephone that Plaintiff was working on the supplementation. (Docket Entry No. 25 at 1).

On May 8, 2012, Defendant filed its motion to compel discovery. (Docket Entry No. 22). Plaintiff did not respond to the motion. (Docket Entry No. 24 at 2). On June 11, 2012, the Court entered an order granting Defendant's motion to compel discovery, ordering that "Plaintiff has 10

2

days to respond to discovery or risk dismissal of this action." (Docket Entry No. 23). Plaintiff did not respond within the 10 days required by the Court. (Docket Entry No. 24 at 2).

Plaintiff had not provided the outstanding discovery responses or filed a responsive pleading when Defendants filed their motion to dismiss. On July 20, 2012, however, Plaintiff sent supplemental responses to interrogatories, numbers 8, 10, 20, and 21, and requests for production, numbers 10, 11, and 13. (Docket Entry No. 25-1). All supplemental responses pertain to Plaintiff's lost wages and medical treatment for the past eleven years. See id.

### B. Conclusions of Law

The Court has the discretion to dismiss an action based upon a party's failure to respond to discovery requests under the Federal Rules of Civil Procedure. Rule 37(b)(2)(A) provides:

> If a party or party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They **may** include the following:
>
> > (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> >
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> >
> > (iii) striking pleadings in whole or in part;
> >
> > (iv) staying further proceedings until the order is obeyed;
> >
> > (v) dismissing the action or proceeding in whole or in part;
> >
> > (vi) rendering a default judgment against the disobedient party; or
> >
> > (vii) treating as contempt of court the failure to obey any order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

3

"Dismissal is proper [under this Rule] if the record demonstrates delay or contumacious[1] conduct." United States v. Reyes, 307 F.3d 451, 457 (6th Cir. 2002). The courts consider four factors in determining whether to dismiss an action under this rule:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault;
>
> (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery;
>
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
> (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Smith v. Nationwide Mut. Fire Ins. Co., 410 Fed. Appx. 891, 894 (6th Cir. 2010); see also Reyes, 307 F.3d at 457 ("'[I]t is presumed that dismissal is not an abuse of discretion if the party has the ability to comply with a discovery order but does not.").

In addition, the Sixth Circuit has provided guidance on how to apply these factors:

> [As] to the first factor, that 'the imposition of inherent power sanctions requires a finding of bad faith,' 'or conduct that is 'tantamount to bad faith.' We had held, for purposes of the second factor, that a defendant is prejudiced by a plaintiff's failure to cooperate in discovery when the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.' As for the third factor, we have reversed the dismissal of certain cases where the district court failed to 'put the derelict parties on notice that further noncompliance would result in dismissal,' but as this is just one factor, we have also held that prior warning is not indispensable. Finally, we have instructed courts to look first to an 'alternative sanction [that] would protect the integrity of the [judicial] process,' but we have 'never held that a district court is without power to dismiss a complaint, as the first and only sanction.'

---

[1] "'Contumacious' is defined as 'perverse in resisting authority' and 'stubbornly disobedient.'" Shafer v. City of Defiance Police Dept., 529 F.3d 731, 736 (6th Cir. 2008).

4

Fharmancy Records v. Nassar, 379 Fed. Appx. 522, 524 (6th Cir. 2010) (internal citations omitted). Compare Universal Health Grp. v. Allstate Ins. Co., No. 09-12524, 2012 WL 488740, at *5 (E.D. Mich. 2012) (finding dismissal appropriate for a less "egregious pattern of discovery abuse warranting dismissal" than that found in Fharmacy Records v. Nassar, 379 Fed. Appx. 522 (6th Cir. 2010)).

As to sanctions, Defendants cite the Court's warning to Plaintiff that her failure to produce discovery responses could lead to dismissal. (Docket Entry No. 23 at 4) (The Court ordered: "Plaintiff has 10 days to respond to discovery or risk dismissal of this action."). Defendants assert that dismissal is the appropriate sanction, stating, "alternative sanctions other than dismissal would do little to remedy Plaintiff's failure to cooperate in discovery. From Plaintiff's utter refusal to respond to Defendant's inquiries and requests, it is clear that Plaintiff has utter disregard for this lawsuit." (Docket Entry No. 24). Plaintiff contends that she has attempted to collect all the requested materials and informed Defendants that she will provide the supplementation as soon as it becomes available to her. Plaintiff has provided the supplemented discovery responses as well as a response in opposition to Defendant's motion to dismiss, evidencing a her interest in moving forward with the suit and complying with the discovery requests.

Here, Defendant contends that Plaintiff's failure to cooperate in discovery is based on willfulness, bad faith, and/or fault, citing in part Plaintiff's lack of communication with the Defendants. Yet, Allman's paralegal informed Defendants that Plaintiff was collecting the relevant materials and would provide supplemental responses as soon as she was able. Moreover, Defendants acknowledge that Plaintiff's difficulty in obtaining the relevant documents stems in part from Wall's withdrawal as Plaintiff's counsel. Plaintiff's initial disclosures were not provided to Allman by

Wall. Plaintiff's willingness to comply with the requests precludes a finding of willfulness or bad faith; yet, the Court concludes that the Plaintiff is at fault in not responding to the motion to compel discovery and not taking additional measures to respond to the Defendants' requests.

Defendant further asserts that Defendants are prejudiced by Plaintiff's failure to cooperate in discovery. Defendants asserts an inability to depose Plaintiff or Plaintiff's third-party witnesses based on the lack of discovery responses. Defendants assert a lack of basic information regarding Plaintiff's claims, the alleged acts of Defendant's employees, and Plaintiff's alleged damages. Plaintiff responds that the Defendants have "slept on its rights with regard to deposing third party witnesses," because the Defendants only lacked information related to Plaintiff's lost income and the identity of medical providers whom she has seen in the past eleven years. The other witnesses listed in the disclosures have no knowledge of Plaintiff's damages. Plaintiff contends that "nothing prevented Defendant from noticing Plaintiff or any other witness for depositions on every issue of Plaintiff's claims other than the calculation of her lost income and medical treatment for the past eleven years." (Docket Entry No. 25 at 2). Thus, the Court concludes that Defendant has not been prejudiced by the delay in discovery.

The Court concludes that because Plaintiff has not demonstrated clearly "contumacious conduct," Schafer, 529 F.3d at 737, the Court considers an "alternative sanction [that] would protect the integrity of the [judicial] process." Pharmacy Records, 379 Fed.Appx. at 524 (quoting Schafer, 529 F.3d at 738). Without a trial date, the appropriate alternative response is to modify the current scheduling order.

For these reasons, the Court concludes that Defendant's motion to dismiss (Docket Entry No. 24) should be denied.

**ENTERED** this the 26th day of September, 2012.

_____
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court